MARIA L. STRONG, Appellant, v. CITY OF BROOKLYN, Respondent.

*Judgment in ejectment — stay of proceedings on — not proper, to give time for exercise of right of eminent domain.*

The plaintiff brought an action to recover possession of a strip of land held by the city of Brooklyn, and recovered a judgment therein, declaring him entitled thereto. Subsequently, the city applied for and obtained an order staying all proceedings on the plaintiff's part to enforce his judgment, on the ground that it was about to procure a condemnation of the land under the exercise of its right of eminent domain. *Held*, that it was erroneous to grant the order, and that the same should be vacated.

APPEAL from an order staying the plaintiff from executing a judgment for the recovery of a strip of land in the possession of the city of Brooklyn, and used by it for public purposes; the defendant alleging that it was about to condemn the land in question by the exercise of its right of eminent domain.

*S. B. Higenbotam*, for the appellant.

*Wm. C. De Witt*, for the respondent.

DYKMAN, J.:

Courts sometimes stop the execution of their judgments in the exercise of the power and control which they have over them and over the process which goes to enforce them. Generally, however, such stays are granted by reason of something which has taken place pending the litigation, or after the rendition of the judgment. If no reason of that kind exists, the judgment must have its full force, and the party in whose favor it has gone must have all the legal remedies which are usually awarded for its enforcement. This is for the very obvious reason, that the judgment is given to the party to enable him to obtain that to which the law has adjudged him entitled. A money judgment is given to a party because a legal claim has been established, and the court will not stay the execution of such judgment and the collection

thereof upon an allegation of the party against whom it exists, that he can make a settlement with the judgment creditor.

Now, these principles are very plain, and none will dispute them, and yet it seems quite evident they have been disregarded in making the order which is the subject of this appeal.

The plaintiff obtained judgment in this action for the recovery of a strip of land, which was in the possession of the city and used for public purposes. Thereupon the defendant, upon an allegation that it was about to condemn this land for public purposes by right of eminent domain, obtained the order appealed from which stays the plaintiff from executing the judgment which the law has solemnly awarded, after a long litigation and a full presentation of the merits of the case. There is no claim of any thing new in the case, either pending the litigation or subsequent to the judgment. The plaintiff has the legal right to the possession of the land — the law has awarded it, and the defendant wrongfully withholds it. What the defendant now says is, substantially, that it is contemplated to take this land at a forced sale, and, therefore, asks to have the plaintiff held off.

The proceedings to condemn the land, assumes that it belongs to the plaintiff, and that the defendant cannot hold it without such proceedings, and it is difficult to find any principle that will allow the defendant to hold it until they are taken and consummated. If this order is right and can be maintained, then the defendant need not condemn the land at all. It has possession, and, so long as this order stands, the plaintiff cannot obtain it, and no necessity exists for the defendant to take the land or pay for it. It has it without either, and the plaintiff is powerless to interfere. This court has first made a judgment which declares the plaintiff entitled to the possession of the premises, and then without any allegation of any charge in respect to the legal rights of the parties, and only on the claim that the defendant can acquire the land by purchase and thus hold it, has made an order forbidding the plaintiff to take it.

Suppose the defendant was a private individual, and on a statement that he could oblige the plaintiff to sell him the premises at any time he saw fit to do so, should ask the court to stay the execution of the judgment, would it be done? Certainly not; and yet how does such a case differ in principle from this?

These considerations show very clearly that the order appealed from rests on no legal foundation and cannot stand.    Order appealed from reversed.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not acting.

Order reversed, with costs and disbursements.